UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITO FAMILY TRUST; THOMAS J. ZITO, SOLE TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC., et al.,<br><br>Defendants, | No.  2:21-cv-2098 JAM DB PS<br><br><br>ORDER |

    Plaintiff Thomas Zito is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and motions to strike.  (ECF Nos. 7, 13, & 22.)  For the reasons stated below, defendants' motion to dismiss is granted, plaintiff is granted leave to file an amended complaint, and defendants' motions to strike are denied.

## BACKGROUND

    Plaintiff, proceeding pro se, commenced this action on September 30, 2021, by filing a complaint in the Sacramento County Superior Court.  (ECF No. 1 at 8.[1])  The complaint alleges

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1  that the defendants failed to pay full benefits due under a long-term care insurance policy for
2  assisted living benefits.  (Id. at 14-16.)  Pursuant to these allegations the complaint alleges a claim
3  for breach of contract.  (Id. at 14.)  On November 12, 2021, defendants John Hancock Financial
4  Services, Inc., Manulife Financial Corp., John Hancock Life Insurance Company (U.S.A.), John
5  Hancock Life and Health Insurance Company, and John Hancock Life Insurance Company of
6  New York removed the matter to this court pursuant to diversity jurisdiction.  (Id. at 2-5.)

7  On November 19, 2021, defendants filed a motion to dismiss.  (ECF No. 7.)  Plaintiff filed
8  an opposition December 3, 2021.  (ECF No. 11.)  On December 17, 2021, plaintiff filed a motion
9  for summary judgment.  (ECF No. 12.)  On December 23, 2021, defendants filed an ex parte
10 application to strike plaintiff's motion for summary judgment.  (ECF No. 13.)  On January 3,
11 2022, defendants filed a reply to plaintiff's opposition.  (ECF No. 15.)

12 On January 10, 2022, and January 24, 2022, plaintiff filed statements in support of the
13 motion for summary judgment.  (ECF Nos. 17 & 21.)  On January 25, 2022, defendants' motion
14 to dismiss was taken under submission.  (ECF No. 20.)  On January 31, 2022, defendants filed an
15 ex parte application to strike plaintiff's statements in support of summary judgment.  (ECF No.
16 22.)

### STANDARDS

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
////

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.      Plaintiff Zito Family Trust**

As noted above, plaintiff Thomas Zito is proceeding pro se. However, also named as a plaintiff in this action is the Zito Family Trust. Generally, "a trust can only be represented by an attorney in federal court." Alpha Land Company v. Little, 238 F.R.D. 497, 502 (E.D. Cal. 2006);

3

1  see also Danziger v. University of Louisville, No. 2:18-cv-0198 HRH, 2019 WL 5103107, at *2
2  (D. Ariz. Oct. 10, 2019) ("A non-lawyer trustee cannot appear pro se to represent a trust or trust
3  beneficiaries."). "[T]here is an exception to that general rule: an individual who is the trust's
4  'beneficial owner' may appear pro se on the trust's behalf." Becker v. Wells Fargo Bank, NA,
5  Inc., No. 2:10-cv-2799 LKK KJN PS, 2012 WL 6005759, at *4 (E.D. Cal. Nov. 30, 2012). Cf.
6  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697-98 (9th Cir. 1987) ("Because Stradley is not
7  the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from
8  the record), he cannot be viewed as a 'party' conducting his 'own case personally' within the
9  meaning of Section 1654.  He may not claim that his status as trustee includes the right to present
10 arguments pro se in federal court.").

11 **I**f plaintiff Zito Family Trust is to continue as a plaintiff is this action, plaintiff Thomas
12 Zito will either have to establish that plaintiff Thomas Zito is the beneficial owner of the trust or
13 the Zito Family Trust will have to retain counsel.

14 **II.      Defendants' Motion to Dismiss**

15 Defendants' motion to dismiss argues that plaintiff's complaint "fails to state facts
16 sufficient to state a claim for relief against Defendants." (Defs.' MTD (ECF No. 7) at 2.)
17 Specifically, defendants argue that the complaint fails to allege standing to assert a breach of
18 contract claim and has sued improper party defendants. (Id.)  Having reviewed the parties'
19 briefing, the undersigned finds that defendants' motion to dismiss should be granted.

20 In this regard, "[f]ailure to properly allege standing is a ground for dismissal under Rule
21 12(b)(6)." MAI Systems Corp. v. UIPS, 856 F. Supp. 538, 540 (N.D. Cal. 1994).  "Only parties
22 in privity of contract have standing to sue under a contract." Grant v. State Farm Life Ins. Co.,
23 No. CIV. S-05-2389 FCD KJM, 2007 WL 3119738, at *3 (E.D. Cal. Oct. 23, 2007).  "Someone
24 who is not a party to the contract has no standing to enforce the contract or to recover extra-
25 contract damages for wrongful withholding of benefits to the contracting party." Hatchwell v.
26 Blue Shield of California, 198 Cal.App.3d 1027, 1034 (1988).  "A non-party who is nevertheless
27 entitled to policy benefits, such as an 'insured' person under the terms of the policy or an express
28 beneficiary, has standing only if she is the claimant whose benefits are wrongfully withheld." Id.

Here, the complaint fails to allege facts concerning plaintiff's standing. Indeed, the complaint fails to allege any factual allegations. In this regard, the complaint consists essentially of a vague and conclusory paragraph asserting that on December 29, 2019, "Hancock insisted that only costs invoiced by assisted living facility" were payable at a "daily benefit" of $200, as opposed to $532. (Compl. (ECF No. 1) at 14.) "Defendant must compensate for this difference." (Id.) Attached to the complaint plaintiff has included a list of "entities . . . added as Defendants" because "[t]heir financial obligations are not insulated or segregated from the satisfaction of Plaintiff's breach of contract claims[.]" (Id. at 10.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, for the reasons stated above, defendants' motion to dismiss will be granted.

**II.     Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Given the vague and conclusory nature of the allegations found in the complaint the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will be dismissed and plaintiff will be granted leave to file an amended

5

complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in the amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## III. Defendants' Motions to Strike

As noted above, on December 17, 2021, plaintiff filed a motion for summary judgment. (ECF No. 12.) And on January 24, 2022, plaintiff filed a statement in support of the motion for summary judgment. (ECF No. 21.) Defendants' motions seek to strike these filings. (ECF Nos. 13 & 22.) However, on January 3, 2022, the Court notified plaintiff that the motion for summary judgment filed December 17, 2021, was defective as filed and was to be re-noticed in compliance with Local Rule 230(b). (ECF No. 14.) Plaintiff failed to comply with this order.

Moreover, summary judgment should be entered after adequate time for discovery. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Here, there has not been adequate time for discovery. And issues concerning the adequacy of plaintiff's complaint remain unresolved. Accordingly, plaintiff's motion for summary judgment and defendants' motions to strike will be denied without prejudice to renewal.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' November 19, 2021 motion to dismiss (ECF No. 7) is granted;

2. The complaint filed September 28, 2021 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff's December 17, 2021 motion for summary judgment (ECF No. 12) is denied without prejudice to renewal;

5. Defendants' December 23, 2021 ex parte application to strike (ECF No. 13) is denied without prejudice to renewal; and

6. Defendants' January 31, 2022 ex parte application to strike (ECF No. 22) is denied without prejudice to renewal.

Dated: August 1, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/zito2098.mtd.ord

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.