UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITO FAMILY TRUST; THOMAS J. ZITO, SOLE TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC., et al.,<br><br>Defendants, | No. 2:21-cv-2098 JAM DB PS<br><br><br>ORDER |

Plaintiff Thomas Zito is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are plaintiff's motion for further leave to amend and defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 30 & 31.) For the reasons stated below, defendant's motion to dismiss will be granted and plaintiff will be granted further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on September 30, 2021, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 8.[1]) On November 12, 2021,

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1  defendants John Hancock Financial Services, Inc., Manulife Financial Corp., John Hancock Life
2  Insurance Company (U.S.A.), John Hancock Life and Health Insurance Company, and John
3  Hancock Life Insurance Company of New York removed the matter to this court pursuant to
4  diversity jurisdiction.  (Id. at 2-5.)
5      Plaintiff is proceeding on an amended complaint filed on August 24, 2022.  (ECF No. 27.)
6  Therein, plaintiff alleges that defendant John Hancock Life Insurance Company (USA)
7  "underpaid benefits on long-term care insurance policy."[2]  (Am. Compl. (ECF No. 27) at 1.)  The
8  parties to the policy "were Renee E. Zito, deceased wife of the Plaintiff, and . . . the Defendant[.]"
9  (Id. at 2.)  The amended complaint asserts a cause of action for breach of contract.  (Id. at 3.)
10     On September 2, 2022, plaintiff filed a request for further leave to amend.  (ECF No. 30.)
11 On September 7, 2022, defendant filed the pending motion to dismiss.  (ECF No. 31.)  Plaintiff
12 filed an opposition on October 21, 2022.  (ECF No. 33.)  On November 14, 2022, defendant's
13 motion to dismiss was taken under submission.  (ECF No. 34.)
14                                    **STANDARDS**
15 **I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**
16     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
17 sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
18 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
19 sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
20 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
21 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A
22 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.
24 Iqbal, 556 U.S. 662, 678 (2009).
25     In determining whether a complaint states a claim on which relief may be granted, the
26 court accepts as true the allegations in the complaint and construes the allegations in the light

---

[2] Defendant John Hancock Life Insurance Company (USA) is the only defendant named in the amended complaint.  (Am. Compl. (ECF No. 27) at 1-2.)

2

1  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
2  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
3  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
4  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
5  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
6  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than
7  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A
8  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
9  elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676
10 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove
12 facts which it has not alleged or that the defendants have violated the . . . laws in ways that have
13 not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
14 459 U.S. 519, 526 (1983).

15     In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
16 to consider material which is properly submitted as part of the complaint, documents that are not
17 physically attached to the complaint if their authenticity is not contested and the plaintiff's
18 complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,
19 250 F.3d 668, 688-89 (9th Cir. 2001).

20                                    **ANALYSIS**

21     Defendant's motion to dismiss argues that the amended complaint "alleges no facts to
22 show [plaintiff] has standing to sue for . . . benefits allegedly owed to his wife."  (Def.'s MTD
23 (ECF No. 31) at 5.)  Defendant argues that, to the contrary, "Plaintiff *admits* that he is not a party
24 to the subject insurance contract, which is also evidenced by a copy of the policy attached to the
25 Amended Complaint."  (Id. at 5) (emphasis in original).

26     The "[f]ailure to properly allege standing is a ground for dismissal under Rule 12(b)(6)."
27 MAI Systems Corp. v. UIPS, 856 F. Supp. 538, 540 (N.D. Cal. 1994).  "Only parties in privity of
28 contract have standing to sue under a contract."  Grant v. State Farm Life Ins. Co., No. CIV. S-

05-2389 FCD KJM, 2007 WL 3119738, at *3 (E.D. Cal. Oct. 23, 2007).  "Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party."  Hatchwell v. Blue Shield of California, 198 Cal.App.3d 1027, 1034 (1988).  "A non-party who is nevertheless entitled to policy benefits, such as an 'insured' person under the terms of the policy or an express beneficiary, has standing only if she is the claimant whose benefits are wrongfully withheld."  Id.

In this regard, California Civil Code § 1559 provides that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  "'Whether the third party is an intended beneficiary . . . involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered.'"  Balsam v. Tucows Inc., 627 F.3d 1158, 1161 (9th Cir. 2010) (quoting Prouty v. Gores Tech. Gr., 121 Cal.App.4th 1225 (2004)).  "[A] plaintiff may be a third-party beneficiary of a contract if he alleges that he is a member of a class named or referred to in the contract, or if the contract discharges a contractual duty owed to the plaintiff."  Northstar Financial Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1065 (9th Cir. 2015).

Here, as noted by defendant, the amended complaint specifically alleges that plaintiff was not a party to the contract between Renee E. Zito and the defendant.  (Am. Compl. (ECF No. 27) at 2.)  Moreover, attached to the amended complaint is a copy of the policy at issue.  That policy defines the parties to the policy as only the defendant and Renee E. Zito.  (Id. at 77.)

Accordingly, the amended complaint fails to establish that plaintiff has standing to bring a claim for breach of contract with respect to the contract between Renee E. Zito and the defendant.  Defendant's motion to dismiss, therefore, must be granted.  See The MEGA Life & Health Ins. Co. v. Superior Court, 172 Cal.App.4th 1522, 1533 (2009) ("Mega Life accepted an obligation solely to Kathy.  Its alleged misdeeds or omissions gave rise to a complete claim for relief on her behalf.  No compelling reasons of policy require that her spouse's personal interests or role in the transaction be recognized as supporting an independent claim for additional damages."); Hatchwell v. Blue Shield of California, 198 Cal.App.3d 1027, 1035 (1988) ("coverage as a dependent, like Mrs. Fryer's separate contract, does not give her standing to enforce Michael's

4

contract rights"); Austero v. National Cas. Co., 62 Cal.App.3d 511, 517 (1976) ("As to disability benefits, plaintiff is at most an incidental or remote beneficiary, and, as such, can state no cause of action against National for breach of a duty, express or implied, arising from the contractual relationship.").

## II. Further Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

The amended complaint asserts that plaintiff has "standing to continue as my late wife's substitute in her action against the defendant." (Am. Compl. (ECF No. 27) at 5.) However, "[a]n attorney must represent a personal representative of an estate where the estate has multiple beneficiaries and creditors." Methven and Associates Professional Corportation v. Paradies-Stroud, No. C 13-1079 JSW, 2013 WL 12187701, at *1 (N.D. Cal. Dec. 19, 2013). In this regard, plaintiff "cannot proceed pro se on behalf of [Renee Zito's estate] unless he is the sole beneficial owner of the present claim asserted by the [estate]." Estate of Tuck v. CF Real Estate Services, Case No. 21-cv-0920 JLS (BLM), 2021 WL 2156184, at *1 (S.D. Cal. May 27, 2021).

////

1    Plaintiff, therefore, will be granted further leave to amend. If plaintiff elects to file a
2 second amended complaint on behalf of Renee Zito's estate, plaintiff must either: (1) appear
3 through counsel or (2) "must demonstrate that they are the sole beneficiary of the estate and that
4 there are no other beneficiaries or creditors to pursue a claim on behalf of [the] estate." Huberty
5 v. Internal Revenue Service, No. 2:22-cv-0827 KJM KJN PS, 2023 WL 36164, at *4 (E.D. Cal.
6 Jan. 4, 2023); see also Gonzalez on Behalf of Estate of Perez v. JP Morgan Chase Bank, N.A.,
7 No. C-14-2558 EMC, 2014 WL 5462550, at *10 (N.D. Cal. Oct. 28, 2014) ("if Ms. Gonzalez
8 intends to represent her mother's estate as a pro se litigant, she must show that she is the sole
9 beneficiary of the estate and that there are no creditors; otherwise, she must be represented by
10 counsel").

11    Plaintiff is again cautioned, however, that if plaintiff elects to file a second amended
12 complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
13 is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,
14 supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While
15 legal conclusions can provide the complaint's framework, they must be supported by factual
16 allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from
17 conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

18    Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
19 amended complaint complete. Local Rule 220 requires that any amended complaint be complete
20 in itself without reference to prior pleadings. The second amended complaint will supersede the
21 amended complaint just as the amended complaint superseded the original complaint. See Loux
22 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in the second amended complaint, just as if it
23 were the initial complaint filed in the case, each defendant must be listed in the caption and
24 identified in the body of the complaint, and each claim and the involvement of each defendant
25 must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also
26 include concise but complete factual allegations describing the conduct and events which underlie
27 plaintiff's claims.
28 ////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 2, 2022 request to amend (ECF No. 30) is granted;

2. Defendant's September 7, 2022 motion to dismiss (ECF No. 31) is granted;

3. The amended complaint filed August 24, 2022 (ECF No. 24) is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint"; and

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  June 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/zito2098.mtd2.ord

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.