UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITO FAMILY TRUST; THOMAS J. ZITO, SOLE TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC., et al.,<br><br>Defendants, | No. 2:21-cv-2098 DAD DB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff Thomas Zito is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On June 5, 2023, the undersigned granted defendant's motion to dismiss and granted plaintiff leave to file an amended complaint within twenty-eight days. (ECF No. 37.) Plaintiff failed to comply with that order.

    Instead, on June 27, 2023, plaintiff filed a document styled "to explore in depth the 'plausible' proposition" that Keith Holland, the Clerk of the Court, "accepted a bribe from John Hancock Insurance Company." (ECF No. 39 at 1.) Therein, plaintiff acknowledged receipt of the June 5, 2023 order and asserted that "it is clearly another example of Holland's tactics and the arrogance of his dealing with the judge assigned to adjudicate my lawsuit against Hancock." (Id. at 4.) Plaintiff accused the Clerk of the Court of "attempting to muddy the waters," and acting

1

with a "sense of impunity."  (Id.)  Plaintiff filed a similar document on June 20, 2023.  (ECF No. 38.)

Accordingly, on October 23, 2023, the undersigned issued plaintiff an order to show cause.  (ECF No. 42.)  Plaintiff was ordered to either show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution or file an amended complaint pursuant to the June 5, 2023 order.  Plaintiff was cautioned that the failure to comply with that order could result in a recommendation that this action be dismissed.  (Id. at 2.)  Plaintiff was also ordered to refrain from making unwarranted and inappropriate allegations against the Clerk of the Court.  Plaintiff, again, has not complied with that order.[1]

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

---

[1] Instead, on November 14, 2023, the undersigned received an ex parte letter from plaintiff labeled "confidential."  Therein, plaintiff continued to make baseless accusations of misconduct against the Clerk of the Court.  This letter is delusional and will be returned to plaintiff.

Here, plaintiff has repeatedly failed to comply with orders of this court. Plaintiff was warned that the failure to comply with those orders could result in a recommendation that this matter be dismissed. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court return plaintiff's ex parte letter received November 14, 2023.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 24) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/zito2098.dlop.f&rs

3